IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marilyn Martin, ) | |
| ) | CA No. 6:11-1572-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

The plaintiff, Marilyn Martin (Martin), brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits (DIB) under the Social Security Act (SSA). (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02 and 83.VII.02 of the District of South Carolina. (Dkt. No. 22.)[1] The magistrate judge recommends reversing and remanding the case for further proceedings. The court adopts the Report.

I.

Martin filed an application for benefits in March 20, 2007, alleging disability beginning January 11, 2007. Her application was denied initially and upon reconsideration, and she

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

requested a hearing before an administrative law judge (ALJ). Following the hearing, the ALJ issued an unfavorable decision in September 30, 2009. The ruling became final when approved by the Appeals Council on April 29, 2011. Martin then filed this action on June 27, 2011. (Dkt. No. 1.)

The magistrate judge filed the Report on July 27, 2012 and recommended the court reverse the Commissioner's decision and remand the case for further proceedings. (Dkt. No. 22.) In the Report, the magistrate judge sets forth the relevant facts and legal standards which are incorporated here by reference. The Commissioner filed timely filed objections to the Report on August 9, 2012. (Dkt. No. 23.) This matter is now ripe for review.

## II.

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . " 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). In its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "From this it does not follow, however, that the findings of the administrative agency are to be mechanically

accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157–58.

### III.

In the Report, the magistrate judge recommends finding that the ALJ inappropriately discounted the opinions of one of Martin's physicians, Dr. Burnette; failed to properly evaluate Martin's physical and mental impairments in combination; and erred in relying on the vocational expert's testimony when a potential conflict existed. The magistrate judge recommended remanding this case for further determinations as to those issues.[2]

The Commissioner argues that the magistrate judge erred in so recommending because the ALJ's analysis of Dr. Burnette's opinion evidence was sufficient; the ALJ's determination as to the physical and mental impairments is supported by substantial evidence, despite the fact that the ALJ did not consider those impairments in combination; and no apparent unresolved conflict existed between the vocational expert evidence and the Dictionary of Occupational Titles.

The court finds these objections unoriginal[3] and unpersuasive. Upon consideration of the record, the Report, and the objections, the court holds that the objections asserted by the Commissioner were already addressed in the well-reasoned and well-written Report. The court

---

[2] The magistrate judge, while finding that the ALJ properly accounted for Martin's concentration, persistence, and pace limitations in the residual functional capacity (RFC) assessment, recommended requiring the ALJ to include these limitations in the hypothetical to the vocational expert upon remand.

[3] Each of these arguments was presented by the Commissioner in his brief. *See, e.g.*, Dkt. No. 23 at 1 ("[A]s discussed in Defendant's Memorandum in Support of The Commissioner's Decision . . . ."); *id.* at 2 ("[A]s discussed in Defendant's Brief . . . ."); *id.* at 6 ("As discussed in Defendant's brief . . . ."); *id.* at 7 ("[F]or the reasons discussed above and in Defendant's brief . . . ."); *id.* at 8 ("[F]or the reasons discussed at length in Defendant's brief . . . .").

concurs with both the reasoning and the result recommended by the magistrate judge. Having conducted the required de novo review of the issues to which the Commissioner has objected, the court finds no basis for disturbing the Report. The court adopts the Report and its recommended disposition, which is incorporated herein by reference.

### IV.

The court has carefully reviewed the record and holds that this case should be remanded in accordance with the magistrate judge's recommendation. However, the court is careful to note that it expresses no comment as to the ultimate merits of the plaintiff's claims.

For the reasons set out above and in the Report, the Commissioner's final decision is **REVERSED AND REMANDED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 27, 2012